171 So.2d 903 (1965)
Arthur WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4150.
District Court of Appeal of Florida. Second District.
February 24, 1965.
John J. Duffy, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
FARRINGTON, OTIS, Associate Judge.
Appellant Arthur Wilson, seeks reversal of the judgment of conviction and prison sentence imposed pursuant to a jury verdict finding him guilty of murder in the second degree.
At the trial Wilson admitted the fatal shooting of John Henry Cannida, but testified that he shot Cannida with a pistol in self-defense while trying to retreat from the scene following an argument punctuated with curses, threats to kill and menacing gestures on the part of Cannida, a man whose reputation for unrestrained violence was well established by the testimony. The State's witnesses testified that Wilson left the scene of the argument, returned with a gun, and without further provocation shot Cannida. By its verdict the jury rejected the version of defendant and his witnesses. Defendant's version, if believed, would have entitled him to acquittal by reason of his right of self-defense.
Appellant's main contention is that the trial judge committed error by charging the jury as follows:
"For the defendant to justify the act of killing on the ground of self-defense, he must have used all reasonable *904 means within his power and consistent with his own safety to avert the danger  avoid the danger, and avert the necessity of killing the decedent. The aggressor in a personal difficulty  one not reasonably free from guilt  can never be heard to acquit himself of the liability for its consequences on the ground of self defense, unless after provoking such difficulty he in good faith withdraws in such manner as to show his adversary his intention to retire and cease the difficulty. A necessity brought about by a party who acts under its compulsion cannot be relied upon to justify his conduct. The law of this state prohibits the use or the carrying around or having in manual possession a pistol without a license given by the County Commissioners as directed by the law. The defendant in this case is not charged with carrying a pistol. He is charged with Murder in the Second Degree as charged in the Indictment. This is a circumstance, however, that you as jurors may consider as one of the circumstances of the case." (Italics added.)
Attorney for the defendant made timely objection to the portion of the court's charge relative to the illegality of possession of a pistol without having obtained a license from the County Commission on the grounds that it was without basis in the testimony and was prejudicial to the defendant.
There was no evidence introduced at the trial as to whether or not Wilson had a license or permit to possess the pistol. In response to questions asked by the judge, Wilson testified that he had bought the pistol nine or ten years previously for selfprotection in his home, and had put the gun in his car because he was going fishing that night. He added that it was his custom to take either a rifle or pistol on fishing trips because he would be out in the woods at night.
Since the italicized portion of the quoted instruction immediately followed the judge's explanation of limitations on the right of self-defense, the language used was capable of suggestion to the jury that Wilson was in illegal possession of the death gun, therefore not reasonably free from guilt, and therefore foreclosed from claiming that he killed in necessary self-defense. So interpreted, the language in question was capable of causing the jury to apply incorrect principles of law in rejecting Wilson's assertion that he acted in self-defense. A person justified by perilous circumstances in using a weapon in self-defense, would not be deprived of such right by reason of being illegally in possession of the weapon used.
The italicized portion of the quoted instruction is objectionable for the additional reason that it suggested that the evidence supported an inference that Wilson was guilty of a collateral criminal offense. Except where a defendant offers evidence of good character, any suggestion that he is guilty of any crime other than that for which he is being tried is improper unless relevant to prove a fact in issue. Simmons v. State, 1939, 139 Fla. 645, 190 So. 756; Williams v. State, Fla. 1959, 110 So.2d 654. The failure of the defendant to have a license to possess a pistol, even if established by the evidence, would not have been relevant to the issues of this prosecution for second degree murder.
Appellee contends that even if the complained of portion of the court's charge be deemed improper, the error was harmless and does not require reversal since it was unlikely that the jury was influenced thereby and the evidence was sufficient to sustain the conviction. In rejecting this contention we quote the language of Judge Carroll in the case of Kellum v. State, Fla. App. 1958, 104 So.2d 99, on page 104, as follows:
"Regardless of the proper intention of the court in making such remarks, in *905 determining their effect on the jury we must consider that the high position which a judge holds in the scheme of the trial magnifies, in the minds of the jurors, the meaning of comments by the judge, to which he himself may not attach particular importance. Thus, remarks of the court which the jury may consider as expressing the judge's view or feeling about the case, or about the defendant or the testimony or credibility of a witness, may be prejudicial error, where the credibility of the defendant and the witnesses is especially material, as it was here, in view of the strong conflicts in the evidence."
We hold that the giving of the italicized portion of the quoted instruction was reversible error.
Since the case will be remanded for a new trial we will discuss briefly the other points argued by appellant.
In its charge the court defined murder in the first degree and murder in the third degree, although the indictment was for murder in the second degree and there was no evidence at the trial that the homicide occurred in the commission of any felony included in the definition of murder in the third degree. The inclusion of the definitions of murder in the first degree and murder in the third degree was not requested by the defendant and was objected to by defendant's attorney at the conclusion of the charge. Appellant contends that the definition of these offenses without any request by defendant was a departure from the law of the case and was error.
The court clearly stated to the jury that the instruction relative to murder in the first degree was made solely for the purpose of definition and that defendant was not charged with murder in the first degree. In order to make clear the court's subsequent definition of manslaughter as "the killing of a human being by the act, procurement or culpable negligence of another in cases where such killing is not justifiable or excusable homicide nor murder" it was necessary to define all degrees of murder.
The instruction defining murder in the third degree was given in compliance with the decisions of the Florida Supreme Court holding that § 919.14, F.S., 1961, F.S.A., requires the court to define all degrees of unlawful homicide including manslaughter, included in the indictment, whether factually applicable or not, and to further instruct that it is in the province of the jury to determine the degree. Killen v. State, Fla. 1957, 92 So.2d 825; Brown v. State, Fla. 1960, 124 So.2d 481.
It was not error for the trial court to include the definitions of murder in the first degree and murder in the third degree in its jury charge.
The court instructed the jury as to the law regarding the consideration of circumstantial evidence. Although both the State and the defense relied on eye witness testimony making the circumstantial evidence charge unnecessary, we are of the opinion the giving of the charge was in no way harmful to the accused. We find no merit to appellant's contention that the giving of such charge constituted reversible error.
Reversed and remanded for a new trial.
WHITE, Acting C.J., and KANNER, (Ret.), J., concur.