194 So.2d 24 (1967)
Spencer Samuel JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-290.
District Court of Appeal of Florida. Third District.
January 24, 1967.
Jack J. Taffer, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before PEARSON and SWANN, JJ., and NATHAN, RAYMOND G., Associate Judge.
RAYMOND G. NATHAN, Associate Judge.
Appellant seeks review of his conviction of robbery following the finding of guilty by the jury. He has presented two points for review. I. It was prejudicial error for the State Prosecutor in his opening statement to the jury to say "Nevertheless, the police got a picture of the defendant in this case and mixed it in with a bunch, a whole bunch of others, lets say ten or twelve other mug shots". II. Whether the evidence as a matter of law was sufficient to establish the appellant guilty of the offense of robbery.
The general rule which has been adopted and adhered to in this jurisdiction is that collateral evidence that tends to suggest the commission of an independent crime is inadmissible unless such evidence is relevant to a fact in issue, in which event it may be admissible even though it points to the commission of another crime. See *25 Jordan v. State, Fla.App. 1965, 171 So.2d 418; Wilson v. State, Fla.App. 1965, 171 So.2d 903. Cf. Williams v. State, Fla. 1959, 110 So.2d 654.
Webster's Third International Dictionary, 1961, defines a mug shot as "a photograph of a person's face  usually used of official police photographs". In the case of State v. Jacobs, 94 Ariz. 211, 382 P.2d 683 (1963) it was held that a reference to a "mug shot" of a defendant by a State's witness in a criminal trial was prejudicial error as implying a prior criminal conviction. In support thereof, the court cited Commonwealth v. Blose, 160 Pa.Super. 165, 50 A.2d 742 (1947), and Hatchet v. United States, 54 App.D.C. 43, 293 F. 1010 (1923).
In the case sub judice, the opening statement to the jury by the prosecutor to the effect that appellant had been identified by mixing his picture with other mug shots had the effect of conveying to the jury that appellant had committed prior crimes or had previously been in trouble with police and therefore was highly prejudicial.
The State contends that even if the prosecutor's opening remark was improper, appellant took the stand and testified that he never had been convicted of a crime and that such testimony of appellant cured any prejudicial remarks of the prosecutor. With this we disagree. Who is to say whether the jury would have reached the same conclusion if the remarks of the prosecutor had not been made?
In light of the foregoing, it is not necessary to consider appellant's second point for review.
The judgment appealed is reversed and the cause is remanded for a new trial.
SWANN, Judge (dissenting).
I respectfully dissent.
The remark made by the prosecutor during his opening statement does not strike me as being prejudicial error, clearly demonstrated.
In today's society, a great number of respectable citizens are required to have official police photographs for security or other reasons. I do not agree with the majority that the remark compels an inference in the minds of the jury of the defendant's involvement in prior independent crimes so as to constitute reversible error.
As a general rule, more latitude is accorded to opening statements, which are not considered as a part of the evidence, than to those made in the course of the trial itself. See 23A C.J.S. Criminal Law § 1085. It is this latitude which removes the remark in question here from the rule of the Jacobs case cited by the majority, where the prejudicial remark was made in the course of testimony by police officers. The technical error here did not injuriously affect the substantial rights of the defendant. Section 924.33, Florida Statutes, F.S.A.