212 So.2d 788 (1968)
Bernard Martin ZIDE, Appellant,
v.
STATE of Florida, Appellee.
No. 67-1066.
District Court of Appeal of Florida. Third District.
July 23, 1968.
Bernard Martin Zide, in pro. per.
*789 Earl Faircloth, Atty. Gen., and Arthur L. Rothenberg, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The appellant, Bernard Martin Zide, was found guilty by a jury on each count of a two-count information. Count one charged that on July 19, 1967, the appellant unlawfully obtained a narcotic drug, to wit, paregoric, by giving a false name and address to obtain the drug in violation of § 398.19(1) (d), Fla. Stat., F.S.A. Count two charged that the appellant violated § 398.19(1) (d) in the same way on July 22, 1967. He was adjudged guilty and sentenced to five years on the first count and two years on the second count, the sentences to run consecutively. The appellant has presented eight points on appeal.
The first three points urge that the trial judge committed reversible error in denying appellant's motion for a continuance of the trial. Appellant was arrested and incarcerated on July 25, 1967. An information was filed on July 31; the appellant was arraigned on August 4 and tried on October 25, 1967. The substance of appellant's argument is that he employed counsel for the purpose of moving the court for a chemical analysis of physical evidence and for the purpose of moving for a continuance. He urges that counsel was neither employed nor prepared for trial.
The appellant was represented by private counsel at his arraignment. Counsel presented motions: for a bill of particulars; to dismiss; for production of reports for copying; for production of evidence; and to dismiss for failure to produce reports in evidence. The court granted only the motion for production of evidence. Where the record reveals, as it does here, that the appellant had an adequate opportunity to procure counsel and that he did procure counsel well in advance of the trial date, it was not error for the trial court to deny a motion for continuance on the day of the trial on the ground that counsel was not prepared for trial. Counsel for the appellant was present at the trial and conducted a vigorous defense. The appellant has failed to support his claim of error upon the denial of a motion for continuance. See Wadsworth v. State, 136 Fla. 134, 186 So. 435, 437 (1939).
Appellant's fourth point claims the court denied him a fair trial by allowing a State's witness to answer certain of the prosecutor's questions which the appellant says were improper. A decision on this point requires a careful reading of the testimony of the State's witness. The State had the burden of proving to the jury that the paregoric appellant was charged with procuring illegally was in fact a narcotic drug. It attempted to prove that paregoric could be boiled down to produce a concentrated narcotic powder. The trial judge sustained objections to several of the State Attorney's questions and carefully limited the questions to those necessary to prove that the paregoric purchased by the appellant actually contained a narcotic drug. Therefore we hold that no error has been demonstrated under this point.
"* * * `It is within the sound judicial discretion of the court to control the detailed examination of witnesses, and, unless an abuse of this judicial discretion is shown to the appellate court, it will not disturb or reverse the ruling.'" Fields v. State, 46 Fla. 84, 35 So. 185 (1903).
Appellant's fifth point urges that the trial court should have granted him a new trial because the State Attorney informed the jury in his closing argument that if found guilty the appellant could be admitted to probation if the trial judge determined it to be proper. We agree that this comment was not proper. But we do not think that it constitutes reversible error, because the trial judge fully explained to the jury in his instructions on the law that the jury was not to concern itself with the *790 extent of the punishment if it found the appellant guilty. He emphasized that the extent of punishment was a matter of law and exclusively for the judge. The comment did not deprive the appellant of a fair trial. A defendant is entitled to a fair trial but not a perfect one. Lutwak v. United States, 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593, 605 (1953).
The sixth, seventh, and eighth points attack the weight and sufficiency of the evidence. Our conclusion is that the evidence was such that the jury could have concluded that the appellant was guilty beyond reasonable doubt.
Affirmed.