LILES, Chief Judge.
Appellant was charged in an information issued in Pinellas County with throwing a deadly weapon at an occupied vehicle [1]. He was tried and found guilty by a jury. This appeal followed.
Appellant urges two points in this appeal. The first concerns the testimony of Officer Solitaire who testified in answer to a question by the prosecution that appellant, Vaughn Monroe, “was involved in a same type incident prior to that.” Appellant argues that this statement was grounds for a mistrial because it labeled *210 defendant as a troublemaker and urges denial of his timely motion for mistrial as error. He cites Simmons v. State, 1939, 139 Fla. 645, 190 So. 756; Gluck v. State, Fla.1952, 62 So.2d 71; Jones v. State, Fla. App.1967, 194 So.2d 24; Jordan v. State, Fla.App.1965, 171 So.2d 418; Dixon v. State, Fla.App.1966, 191 So.2d 94; Green v. State, Fla.App.1966, 190 So.2d 42; and Wilson v. State, Fla.App.1965, 171 So.2d 903, in support of this contention. However, upon close analysis it will be found that in these cases the test applied is whether or not the error committed injuriously affected the substantial rights of the appellant. This principle was applied in each of these cases and we apply it here.
When the officer testified the trial judge immediately granted a motion to strike the testimony and clearly advised the jury that they were to disregard that part of the officer’s testimony. Therefore, we do not believe that the substantial rights of the appellant were injuriously affected. We believe the case falls within the principle laid down in Gay v. City of Orlando, Fla.App.1967, 202 So.2d 896, cert. denied, 390 U.S. 956, 88 S.Ct. 1052, 19 L.Ed.2d 1149, and Zide v. State, Fla.App. 1968, 212 So.2d 788. The testimony given by the officer constituted harmless error and did not deprive the appellant of a fair trial.
Appellant urges that the trial judge erred in not instructing the jury on the lesser included offense of assault. The question of lesser included offenses has been adequately treated by the Florida Supreme Court in Brown v. State, Fla. 1968, 206 So.2d 377. It is not necessary for the State to prove an assault in order to prove that appellant violated Section 790.19, F. S.A. Thus, by applying the test laid down in Brown, we hold that assault is not a necessarily included offense of throwing a deadly weapon at an occupied vehicle. Likewise, we hold that assault is not a lesser included offense based upon the accusatory pleadings and the evidence of this case.
For the foregoing reasons the judgment is affirmed.
HOBSON, J., and ALLEN, J., (Ret.) concur.

. Florida Statutes, § 790.19, F.S.A. Shooting into or throwing deadly missiles into dwellings, public or private buildings, occupied or not occupied; vessels, aircraft, buses, railroad ears, street cars or other vehicles. Whoever, wantonly or maliciously shoots at, within, or into, or throws any missile which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied, or public or private buses, or any railroad car or locomotive, street car, or vehicle of any kind which is being used or occupied by any person, or any boat, vessel, ship or barge lying in or plying the waters of this state, or aircraft flying through the air space of this state, shall be punished by imprisonment in the state prison not more than ten years or by imprisonment in the county jail for not more than five years, or by fine not more than five thousand dollars.