**Bernard Martin ZIDE, Plaintiff-Appellant,**

v.

**The STATE OF FLORIDA, Defendant-Appellee.**

**No. 26666.**

United States Court of Appeals
Fifth Circuit.
April 21, 1969.

Bernard Martin Zide, pro se.

Melvin Grossman, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., Miami, Fla., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant petitioned the district court for a writ of habeas corpus on the grounds that the state erroneously and unconstitutionally had denied him bail pending appeal of his state court conviction. The district court denied relief on the basis of Sellers v. Georgia, 374 F.2d 84 (5th Cir. 1967).[1]

At the time of the district court's decision, appellant had pending in the Third District Court of Appeals of Florida a direct appeal of his state conviction. On July 23, 1968 that court affirmed the conviction. Zide v. State, 212 So.2d 788 (Fla.D.Ct.App.1968). The appeal to this court from denial of habeas was filed in August, 1968. On October 28, 1968 the Florida Supreme Court *sua sponte* dismissed proceedings before it for failure to prosecute properly. Zide v. State, 218 So.2d 171 (Fla.Sup., 1968).[2]

Application for writ of certiorari was filed in the Supreme Court on December 26, 1968. Since submission of this case

to us the application has been denied. 394 U.S. 911, 89 S.Ct. 1026, 22 L.Ed.2d 223 (1969). The case therefore is now moot, and we are precluded from considering the merits of appellant's claim.

The judgment below is vacated and the case remanded to the district court with directions to dismiss the proceedings as moot.[3]

Vacated, remanded with directions.

---

1. Pursuant to Rule 18 of the Rules of this Court, this case has been put on the summary calendar for disposition without oral argument. *See* Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; Floyd v. Resor, 5 Cir. 1969, 409 F.2d 714.

2. In this court appellee moved in September 1968 to dismiss the appeal as moot. This was denied by order of November

13, 1968, on the basis that appellant had sought, or was going to seek, certiorari from the Supreme Court of the United States.

3. Appellant has filed with the Supreme Court a petition for rehearing of the denial of certiorari. We do not delay our action to await the outcome. Should his petition be granted he can move this court to reinstate his appeal.