Harvey Robinson, pro se.

John F. Rauhauser, Jr., Dist. Atty., York, Pa., for appellees.

Before BIGGS, FREEDMAN and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

In December 1962 the relator, Robinson, was arrested in connection with the killing of Marlene Perez. He was indicted by the grand jury of York County, Pennsylvania, for murder, tried in the Court of Oyer & Terminer, found guilty of voluntary manslaughter, and sentenced to imprisonment for a period of six to twelve years. No appeal was taken from the judgment of sentence and no post trial motions were filed. Robinson then instituted habeas corpus proceedings in the Court of Common Pleas of York County. The petition was dismissed without a hearing and Robinson appealed. The Supreme Court of Pennsylvania, Commonwealth ex rel. Robinson v. Myers, 420 Pa. 72, 215 A.2d 637 (1966), on the record before it was unable to adjudicate Robinson's claim that he had not waived his right to counsel on appeal and in the light of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), remanded the case to the York County Court for determination of that issue.

On remand it was held that Robinson had waived his right to counsel and he again appealed to the Supreme Court of Pennsylvania which remanded the case for a second time to the York County

**UNITED STATES of America ex rel. Harvey ROBINSON, H-2828, Appellant,**

v.

**Alfred T. RUNDLE, Superintendent, Commonwealth of Pa., et al.**

**No. 17493.**

United States Court of Appeals Third Circuit.

Submitted April 24, 1969.

Decided June 11, 1969.

Court with the direction that that Court should transfer the cause to the Court of Oyer & Terminer so that counsel could be appointed for Robinson "for the purpose of filing post trial motions and, if necessary, prosecuting an appeal." 427 Pa. 104, 109, 233 A.2d 220, 223 (1967). Post trial motions were filed and argued on Robinson's behalf before the Court of Oyer & Terminer, but his claims were held by that court to be without merit. Upon denial of these motions, Robinson filed a third appeal to the Pennsylvania Supreme Court, which affirmed his conviction. Com. v. Robinson, 433 Pa. 88, 249 A.2d 536 (1969).

Robinson had filed a motion with the Court of Oyer & Terminer for "nominal bail", Rule 4007 Pa.R.Crim.Proc., 19 App. P.S., pending the disposition of his final appeal to the Supreme Court of Pennsylvania. The Court denied the motion and set bail at $15,000. Robinson then applied for a reduction of bail which was denied and the denial was affirmed by the Supreme Court of Pennsylvania.

Following the denial by the Court of Oyer & Terminer of Robinson's petition for reduction of bail but prior to the adjudication of his third appeal, he filed a petition for habeas corpus in the court below. His sole request was for a reduction of bail, bottomed upon an allegation that the bail in the amount of $15,000 was equivalent to a denial of admission to bail. On June 24, 1968 the court below denied Robinson's petition. The appeal at bar followed.

It is unnecessary for us to pass upon the reasoning and analysis in the unreported opinion of the court below for the Supreme Court of Pennsylvania denied Robinson's third appeal on January 15, 1969. We are aware of no basis under the law of Pennsylvania for allowance of bail following the final determination on appeal of a convicted defendant's case. See Rules 4001, et seq., Pa.R.Crim.Proc., 19 App.P.S., *cf.* United States v. Minker, 326 F.2d 411 (3 Cir. 1964). The instant appeal to this court has become moot.

Accordingly, the order dismissing the petition will be affirmed.