230 So.2d 704 (1970)
Leroy R. ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-244.
District Court of Appeal of Florida. Second District.
January 21, 1970.
Robert W. Rawlins, Public Defender, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Michael N. Kavouklis, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
This is an appeal from a judgment of conviction entered against appellant Leroy R. Anderson after he was tried and found *705 guilty by a jury of unlawfully uttering a forged bank check.
The only point raised worthy of consideration here is that the trial Court erred in refusing to grant a mistrial when a police officer, testifying as a State witness, in answer to a question on cross-examination by defense counsel as to "the basis for arresting" Anderson on the check charge, answered that "I showed mug shots to the complainant on this case, and he identified that Leroy Anderson as being the one that cashed that check". It is contended that the use by the officer-witness of the term "mug shots" was prejudicial to defendant Anderson on trial as implying to the jury "that the defendant was a criminal and that it was not relevant to any issues before the Court, and that its `sole thrust' was at the character and propensity of the defendant".
Anderson relies on the 3rd District Court case of Jones v. State, Fla.App. 1967, 194 So.2d 24, a split-Court decision, the majority opinion being written by a visiting Circuit Judge. In that case the prosecutor in the trial Court, in his opening statement to the jury, referred to defendant Jones as being included in "a bunch * * * of * * * mug shots". The majority opinion held this was prejudicial error, and reversed. However, we cannot follow such rationale to the point of a reversal on this sole circumstance, even though we disapprove of such reference to a defendant on trial. We prefer the rationale of Judge Swann's opinion in dissent.
But even so, the Jones majority opinion is not authority here, as was pointed out in the later 3rd District Court case of Gagnon v. State, Fla.App. 1968, 212 So.2d 337, wherein Judge Pearson, who had concurred in the majority opinion in Jones, very aptly put the Jones opinion in proper perspective. In Gagnon there had been a reference by a State witness at the trial to certain pictures used for identification of Gagnon as "mug shots". Affirming the conviction of Gagnon, it was pointed out that the "mug shot" reference was made during cross-examination of a State witness by counsel for Gagnon, the opinion observing that a defendant on trial "may not take advantage of an error which he has himself induced".
Exactly the same situation occurred in the instant case. The reference to "mug shots" in connection with the identification of Anderson prior to trial was affirmatively occasioned and brought about by defense counsel during cross-examination of a local police officer as a State witness.
Furthermore, no motion was made to strike the testimony complained of or any request made to the Court to instruct the jury to disregard the same. A motion for mistrial may not be utilized for such purpose.
The judgment of conviction appealed is therefore affirmed.
LILES, A.C.J., and McNULTY, J., concur.