PER CURIAM.
The appellant seeks reversal of a conviction for breaking and entering a dwelling with intent to commit petit larceny and commission of an assault, grounding his appeal on a contention that reversible error resulted from a reference in the testimony of a police officer to the victim having identified the defendant from mug shots.
In Jones v. State, Fla.App.1967, 194 So. 2d 24, this court reversed a judgment of conviction because the prosecutor in his opening statement to the jury in referring to the defendant having been identified from a photograph, said that a photograph of the defendant had been mixed “with a bunch, a whole bunch of others, let’s say ten or twelve other mug shots.” There we expressed the view that the reference to mug shots was harmful error in that it had the effect of informing the jury that the defendant had committed other crimes or been in trouble with the police.
However, on consideration of the record of the trial proceedings in this case, we agree with the contention of the state that the error represented by the reference to mug shots did not constitute harmful error and did not result in a miscarriage of justice. In our view the defendant’s substantial rights were not injuriously affected thereby, in the circumstances of this case. The trial court sustained an objection to the testimony, and denied defendant’s motion for mistrial, which latter ruling is assigned as error. The reference to mug shots in this case did not constitute reversible error, because the record discloses that by direct evidence the guilt of the accused was established conclusively if not overwhelmingly, including positive in-court identification of the defendant by the victim and by police officers who apprehended him at the scene, and because of the further circumstance that the testimony of an officer relating to identification of the de *429 fendant by photograph, in the course of which the reference was made to mug shots, represented cumulative evidence. See Monroe v. State, Fla.App.1969, 218 So.2d 209; Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.
Affirmed.