PER CURIAM.
Appellant Loftin appeals from a judgment of conviction and sentence of 35 years for armed robbery.
*835 Appellant’s sole point on appeal is that the prosecutor committed prejudicial error when he indicated to the jury during his opening statement that the defendant was initially identified from “mug books.”
On the night of November 12, 1970, the Howard Johnson’s Motel on Phillips Highway in Jacksonville was robbed. The night manager and the bellboy, who was operating the switchboard, were in the motel lobby at the time of the robbery. Two negro men came in, one of whom was armed with a .38 caliber pistol. The man with the gun (later identified by the manger as the appellant) announced, “This is a holdup. Move and I’ll kill you.”, and then proceeded to put the gun against the night manager’s stomach. At this time the switchboard buzzed and when the bellboy reached for it he was hit in the mouth with the gun which knocked out several of his teeth and rendered him unconscious. The night manager was then forced to lie down on the floor. The two men took approximately $500 from the cash drawer and left.
The following afternoon a Police Sergeant brought 15 to 20 photographs of suspected robbers to the motel for the night manager to examine. He did not identify the robbers from any of these photographs. Several days later a policeman brought approximately 10 more photographs and from this group the night manager tentatively identified the photograph of appellant as one of the robbers. On the following day the night manager attended a lineup and identified appellant, who was in the lineup, as one of the robbers.
We have carefully considered the record in this case and conclude the controverted remark made by the prosecutor during his opening statement was error. Jones v. State, 194 So.2d 24 (3 Fla.App.1967). However, we hold that this isolated statement did not constitute harmful error. Loftin, while standing a foot and a half away, in a well-lighted place, was identified by the night manager as the robber who pointed a gun at his stomach. In addition, the night manager testified that he saw the “rear and the side view” of appellant “because he turned around when I made a slight movement and he repeated again, . . . ‘This is the third time I’ve told you,’ he said, ‘move again and I’ll kill you.’ ” In view of this positive identification, we hold that the controverted remarks uttered by the prosecutor during his opening statement did not preclude the appellant from receiving a fair and impartial trial.
The judgment appealed is affirmed.
SPECTOR, C. J., and RAWLS and JOHNSON, JJ., concur.