PER CURIAM.
This is a consolidated appeal. Both defendants were convicted of robbery and sentenced to 25 years in prison. We affirm the judgments and sentences.
The two victims were exposed to' the defendants for approximately ten minutes during the course of the robbery. They later identified the defendant from photographs shown to them by the police authorities. At trial the victims positively identified the defendants, but made no mention of their intervening identification of the defendants’ photographs.
At trial two police officers in effect corroborated the identification by testifying that the victims selected photographs of the defendants from those shown to the victims by the officers. It was error to admit the police testimony. Johnson v. State, Fla.App.1971, 249 So.2d 452; Willis v. State, Fla.App. 1968, 208 So.2d 458, affirmed, Fla.1968, 217 So.2d 106. However, such admission was harmless error. Section 59.041, F.S.1971, F.S.A. This is true because the victims had ample time to observe the defendants and their identifying characteristics during the course of the robbery events. Their testimony at trial was strong and unequivocal and hence the police officers’ testimony was merely cumulative.
Evidence of collateral crimes was properly admissible here to show similar motive, intent and method of operation. Williams v. State, Fla. 1959, 110 So.2d 654.
Finding no reversible error, we affirm.
Affirmed.
WALDEN, CROSS and MAGER, JJ., concur.