273 So.2d 70 (1973)
James Earl LOFTIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 42346.
Supreme Court of Florida.
February 7, 1973.
Louis O. Frost, Jr., Public Defender, C. Wayne Alford, Sp. Asst. Public Defender, and Thomas C. Turner, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
Submitted for consideration on certiorari upon alleged conflict with Jones v. State, 194 So.2d 24 (Fla.App.3d 1967), is the First District's affirmance at 258 So.2d 834 (Fla.App. 1972) as harmless error of the prosecutor's reference to "mug books" and "other mug shots" in connection with the initial identification of the defendant. Fla. Const. art. V, § 3(b)(3) (1973), F.S.A. This is the sole issue submitted for review.
*71 It has been clearly said before that such references in the prosecution of a defendant should not be made to "mug shots" and the like and plainly held that this is error.[1] We must agree that in the present circumstances the error was harmless as we shall shortly demonstrate but we emphasize again that a prosecutor should not inject this error which can well jeopardize the prosecution and a possible conviction and thereby needlessly waste the urgently needed time of the court and jury, not to mention that of the defendant himself in being subjected to a re-trial.
We are not, however, willing to say that such error in this matter should be an "automatic reversal" upon the mere use of the words "mug books." As in other such instances, the entire record and surrounding circumstances must be considered by an appellate court whose review would also be unnecessary if the prosecutor had avoided the injection of what had already been pronounced by this Court as error to do.
The opinion in Jones v. State, 194 So.2d 24 (Fla.App.3d 1967), by an assigned circuit judge with one district judge dissenting with opinion, has apparently not found support in subsequent district court opinions over the state. Willis v. State, 208 So.2d 458, 460 (Fla.App.1st 1968); Anderson v. State, 230 So.2d 704 (Fla.App.2d 1970); Moore v. State, 267 So.2d 850 (Fla.App.4th 1972).
The pertinent comment in the opinion in Jones refers to a definite statement made in the prosecutor's opening "to the effect that appellant had been identified by mixing his picture with other mug shots" and thereby having conveyed to the jury that appellant had committed prior crimes or previously been in trouble with the police. The less definite statements in the cause before us do not rise to the level of such a definite reference, in any event, and in that respect may be distinguished.
Here the matter dealt with identification and the references became harmless because of other clear evidence of the defendant's identification, including an unequivocal identification in court. The identifying witness had a clear view of the defendant within one foot over a period of 5 to 6 minutes during the course of a robbery. Moreover, the defendant and 3 alibi witnesses testified regarding principally the matter of identification, so that the question was thoroughly gone into and the incidental, though unfortunate, references to "mug shots" are well within the harmless error statute (§ 924.33).
Additionally, there was no objection made to the mug shot references, nor motions for mistrial nor to instruct the jury to disregard the references. These circumstances do not meet that test in Akin v. State, 86 Fla. 564, 98 So. 609 at 612 (1923), that the references must be "of such character that neither rebuke nor retraction ... [would] entirely destroy their sinister influence... ." See also, Carlile v. State, 129 Fla. 860, 176 So. 862 (1937); Ailer v. State, 114 So.2d 348 (Fla.App.2d 1958).
In all events, the "mug books" references were to early displays of pictures in which the witness did not see the defendant among them anyway. The prosecutor so stated in referring to the persons photographed so that the defendant was not placed in that category. Moreover, the defendant expressly testified that he had never been convicted of a crime.
It was in a third examination of photographs that the witness identified the defendant and there was only a factual reference to this in the prosecutor's summation.
Under these circumstances it cannot be said that the error was harmful. The *72 First District Court of Appeal was correct and the writ of certiorari heretofore entered must be and is hereby
Discharged.
CARLTON, C.J., and ROBERTS and McCAIN, JJ., concur.
ERVIN, J., dissents.
NOTES
[1] Williams v. State, 233 So.2d 428 (Fla. App.3d 1970); Anderson v. State, 230 So.2d 704 (Fla.App.2d 1970); Gagnon v. State, 212 So.2d 337 (Fla.App.3d 1968).