PER CURIAM.
Appellant and another man were followed by a number of police officers, and were seen to approach a motel, and break and enter a room thereof, for which the appellant was charged, tried by a jury and convicted of breaking and entering a dwelling with intent to commit a felony, to-wit: grand larceny. The other man, convicted earlier, testified at the trial of the appellant that they entered the motel room with the alleged intent. The defendant did not testify or present evidence on his own behalf.
• Appellant contended the trial court committed error by admitting, over objection, the testimony of two of the police officers that (after having been warned of his rights following arrest) the defendant stated to them he had burglarized 4,010 motel rooms, and further that the court erred by permitting the prosecutor to refer to such testimony in argument. The appellant does not contend that such evidence was not relevant on the issue relating to intent to commit grand larceny, but argues such evidence was so excessive in that regard as to prejudice the jury against the defendant and deprive him of a fair trial.
The challenged testimony, as to the admission by the defendant of commission of a great number of offenses of the kind charged here, while relevant to the element of intent, was not alone relied on by the state to prove intent. It was cumulative to direct evidence as to that element of the charged offense that was supplied by the other participant, whose testimony relating to intent was unanswered and uncontra-dicted. The testimony was admissible because of its relevancy. Williams v. State, Fla. 1959, 110 So.2d 654. In face of the strong proof of guilt by other evidence which was uncontradicted, the error if any in that regard was harmless, and as such not basis for reversal here. § 924.33 Fla. Stat., F.S.A. See Williams v. State, Fla.App.1970, 233 So.2d 428; State v. Wilson, Fla.1973, 276 So.2d 45; Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.
The judgment is affirmed.