PER CURIAM.
Appellant complains of the prosecutor’s closing argument reference to having had his photograph identified from a “mug book.” Such a statement constituted error, but considering this record we believe it to be harmless. See Loftin v. State, Fla. 1973, 273 So.2d 70; Anderson v. State, Fla.App.2d, 1970, 230 So.2d 704.
In the course of the cross-examination of one of the police officers and without any fault on the part of the State, it was shown that appellant had been previously arrested. Therefore, even if it be said that *763 the comment could have influenced the jurors to believe that appellant had a prior arrest record, they already knew this.
Moreover, no obj ection was made, and the matter only came to light when the court chastised the prosecutor for having made the statement. At that point, pursuant to the request of appellant’s counsel, the court properly admonished the jury to disregard the comment.
The record clearly supports the jury’s finding of guilt. The remaining points raised by appellant are without merit. The judgment is affirmed.
McNULTY, Acting C. J., GRIMES, J., and PATTON, ROBERT W., Associate Judge, concur.