PER CURIAM.
The appellants seek reversal of their convictions of the crime of rape. The facts disclosed at the trial included the following. ' The victim, a highschool girl aged 18 years, and a girl companion were walking on a street in Miami, at 9:45 P.M. on the way to their homes after having attended a night class at a high-school. Two males came out from an alley and spoke to them. The girls did not respond, and thereupon the males threw rocks at them. The girls continued walking, and after a short distance they separated. One of the males, displaying a gun, approached the victim. A second male then came up, also with a gun. They forced the victim, through an alley, to the rear of an apartment house and into a utility building described as a “meter room”. After forcing the girl to disrobe both males raped her, and then departed leaving her there. The victim proceeded to her home and reported the rape. Police were called, and she was taken to a hospital where a medical examination revealed physical evidence of the occurrence.
The victim made a positive in court identification of the defendants in her testimony at the trial. In addition the two defendants were identified earlier by the victim from police photographs upon inspecting seventy-five to one hundred photographs, also from a sound and movement video tape, and, as to the appellant Moore, from a police lineup following his separate arrest.
A form used by the police, incident to identification from photographs, is signed by the identifying party and by the police, as to whether the identification was “positive”, or “possible” or “negative”. Such a form, as to her identification of the defendants from photographs, signed by the victim as positive for Moore and possible *844 for Williams was presented. A similar form which was involved as to the identification by the victim on video tape was not available at trial. As to that, the State asked an officer witness: “But you did check as to the type identification she made of Maurice Williams ?”, to which the witness replied: “Yes, her and her girlfriend”. The defendants moved the court to declare a mistrial, which was denied.
In the course of the trial the State presented a letter and its envelope and had them marked for identification. The victim testified that the letter, which purported to h.ave been sent to her by Williams while he was in jail on the charge, had been received by her in the mail and that she had opened and read it and then turned it over to the police. Without proof as to the identity of the party writing or causing the letter to be written, the State offered the letter in evidence. Defendants’ counsel objected on the ground of relevancy and want of proof of identity of the writer. The objection was overruled and the letter was admitted in evidence. It consisted of a request to the victim that she “drop her charge”, and ended with the following statement: “Thing I want to say I can’t say then because I don’t want to condemn myself so. So please I am trying to beg you understand me and come to my aid— I’m very sorry”.
The appellants seek a new trial on two grounds. First, they contend prejudicial error resulted from the testimony above referred to that identification of Williams was made from the video tape by the victim’s companion as well as by the victim. Secondly, that the admission of the letter into evidence was prejudicial error.
The State contends that error if any in those respects was harmless.
By § 924.33 Fla.Stat., F.S.A. it is provided that a judgment shall not be reversed unless the appellate court, after examination of all the appeal papers, is of the opinion that error was committed “that injuriously affected the substantial rights of the appellant”, and that such result is not one that is to be presumed.
In this case the evidence which it is contended by appellants was improperly admitted was cumulative, and aside therefrom the evidence to establish the commission of the crimes charged and identification of the defendants as the perpetrators thereof was of such strong and con-yincing character as to justify its classification as overwhelming, from which we are impelled to conclude that the same results would have been reached without the questioned evidence and that its admission did not import illegality to the trial. State v. Wadsworth, Fla.1968, 210 So.2d 4, 7-8; Williams v. State, Fla.App.1970, 233 So.2d 428; State v. Wilson, Fla.1973, 276 So.2d 45; Garcia v. State, Fla.App.1973, 278 So.2d 678; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.
The judgments are affirmed.