330 So.2d 152 (1976)
STATE of Florida, Appellant,
v.
Henry James WOODSON, Appellee.
No. 75-49.
District Court of Appeal of Florida, Fourth District.
April 9, 1976.
*153 David H. Bludworth, State Atty., and James C. Gavigan, Asst., State Atty. Gen., Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellant.
Joel T. Daves, III, of Burdick & Daves, West Palm Beach, for appellee.
NATALIE BASKIN, Associate Judge.
This is an appeal by the State from an order granting defendant a new trial. The trial judge found that although each of the three alleged errors committed during trial by jury might well have been harmless, the conjunction of the three took the case out of the harmless error category.
Defendant was tried and convicted of possession of barbiturates and of sale of barbiturates. During the trial the officer testified on direct examination that he and an undercover policeman arranged a rendezvous point at a motel and would go over the "known dealers". The Court sustained an objection to the alleged error, denied Motion for Mistrial and gave a curative instruction.
The second alleged error occurred during cross-examination of the undercover agent by defense counsel. The witness was asked if he had ever seen the defendant before the date specified. He replied: "Yes, I had. Well, not personally. I had seen him before from mug shots." No objection was made at this time. After the jury was excused for the night, defense counsel made a Motion for Mistrial. Defense counsel refused a curative instruction. Motion for Mistrial was denied.
The third alleged error upon which Order Granting New Trial was predicated was a reference by the prosecutor in closing argument to defendant as a convicted felon when defendant had testified only that he had been convicted of a crime.
The third error caused the trial Court to find that the conjunction of three harmless errors required a new trial. It appears from the record, however, that the third error did not actually occur; the prosecutor stated only that defendant had been in trouble before and had been convicted.
We find that the two remaining errors upon which Motion for New Trial was granted were harmless error and we reverse.
A reference to mug shots has been held by the Supreme Court of Florida, Loftin v. State, 273 So.2d 70 (Fla. 1973), to be error, but harmless under some circumstances. A reference to mug shots is generally held to be error since it may convey to the jury that defendant has previously committed a crime. Defendant admitted on direct examination that he had previously been convicted one time; reference to mug shots, was therefore, harmless error. Peterson v. State, 293 So.2d 762 (Fla.App. 1974).
Furthermore, no objection was made at the time and the offer to give a curative *154 instruction was rejected. Anderson v. State, 230 So.2d 704 (Fla.App. 1970). Gagnon v. State, 212 So.2d 337 (Fla.App. 1968).
The comment regarding known drug dealers was also harmless error, as the trial Court originally ruled. The testimony was elicited at the beginning of the trial, did not refer to defendant and was cured by an instruction from the Court.
In summary, two errors upon which Order Granting New Trial was predicated were harmless. The third alleged error did not occur. No miscarriage of justice occurred nor were substantial rights of defendant injuriously affected. Florida Rules of Criminal Procedure 3.600.
Although the granting of a Motion for New Trial is an exercise of the broad discretion of the trial judge which should not be disturbed in the absence of a clear showing of abuse of discretion, Hanson v. State, 187 So.2d 54 (Fla.App. 1966), and State v. Trafficante, 136 So.2d 264 (Fla.App. 1962), we find the trial judge did abuse his discretion in granting appellee a new trial.
Reversed and remanded.
MAGER and DOWNEY, JJ., concur.