587 F.2d 783
 Kimberly Ann POWERS, Petitioner-Appellee,
v.
Honorable Alan SCHWARTZ, as Judge of the Eleventh Judicial
Circuit of Florida and Jack Sandstrom, Director of
Dade County Dept. of Correction and
Rehabilitation, Respondents-Appellants.
 No. 78-1636.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 12, 1979.
 
 Robert L. Shevin, Atty. Gen., Janet Reno, State's Atty., Paul M. Rashkind, Stephen V. Rosin, Asst. State's Attys., Miami, Fla., Charles A. Stampelos, Asst. Atty. Gen., Tallahassee, Fla., for respondents-appellants.
 Sheldon "Skip" Taylor, Miami, Fla., for petitioner-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before THORNBERRY, AINSWORTH and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellee Powers seeks habeas corpus relief from her detention by appellants. She claims that Florida's method of determining whether to grant pretrial bail to persons accused of crimes punishable by life imprisonment is unconstitutional. The district court agreed with appellee's claims and granted her bail. 448 F.Supp. 54 (S.D.Fla.1978).
 
 
 2
 At oral argument, all parties admitted that since the district court's action, Ms. Powers has been tried on and convicted of the charges that precipitated this action. Ms. Powers is therefore no longer a pretrial detainee; she has not shown a reasonable probability that she will again acquire that status in the future; and this is not a class action. The case is therefore moot. Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).
 
 
 3
 Because this is not a class action, such as Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), it is irrelevant that other defendants may suffer the deprivation about which appellee complains. Weinstein, supra. This court's inability to consider moot claims is based on the fundamental Article III requirement that the particular parties before the court have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). Because Ms. Powers no longer has the requisite personal interest, this court cannot consider her claims.
 
 
 4
 Accordingly, the judgment of the district court is VACATED and the case REMANDED to that court with instructions to dismiss the complaint.