**Byron BARBER**

v.

**John J. MORAN.**

Civ. A. No. 87–0323–T.

United States District Court,
D. Rhode Island.

Jan. 10, 1991.

Byron Barber, pro se.

George Cappello, Dept. of Corrections, Cranston, R.I.

## MEMORANDUM OF DECISION

TORRES, District Judge.

Byron Barber has objected to a Magistrate's Report recommending that his petition for a writ of habeas corpus be denied. The Court concludes that the petition should be denied but for reasons different from those expressed by the magistrate.

### FACTS

Barber was convicted in state court of first degree sexual assault. After his conviction, he moved to have bail set pending an appeal to the Rhode Island Supreme Court. The trial judge denied the motion, and Barber appealed that denial also. The Rhode Island Supreme Court affirmed the decision to deny bail causing Barber to file the instant habeas petition in which he claims a violation of his rights under the Eighth and Fourteenth Amendment to the United States Constitution.

Pursuant to Title 28 U.S.C. § 636(b) the petition was referred to a magistrate for a report and recommendation. As previously noted, the magistrate recommended denial of the petition on the ground that Barber failed to exhaust his state remedies. Although the Court agrees that the petition should be dismissed, it concludes that deni-

al should be based on mootness rather than exhaustion grounds.

## DISCUSSION

### I. *Exhaustion*

Under 28 U.S.C. § 2254(b), a person in state custody may not seek habeas relief in a federal court until all available state court remedies have been exhausted. Simply stated, the petitioner must have fairly presented the substance of his federal habeas claim to the state court before the door to federal judicial review is opened. *See Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Gagne v. Fair,* 835 F.2d 6, 7 (1st Cir.1987). The doctrine of exhaustion is rooted in principles of comity which counsel that state courts be afforded an opportunity to deal with alleged constitutional violations arising from their proceedings before federal jurisdiction may be invoked. *Gagne,* 835 F.2d at 7.

In many cases, the exhaustion requirement is not satisfied until the petitioner has pursued post-conviction remedies or other vehicles of collateral attack provided by state law. However, when the issue raised is one that was decided on direct appeal by the state's highest tribunal, "[i]t is not necessary ... for the prisoner to ask the state for collateral relief, based on the same evidence and issues already decided by direct review...." *Brown v. Allen,* 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953).

In the instant case, Barber did fairly present his claim regarding denial of bail pending appeal to the Rhode Island Supreme Court. Therefore, he has satisfied the exhaustion requirement. However, his petition should, nevertheless, be denied because it is moot.

### II. *Mootness*

The doctrine of mootness springs from Article III, Section 2 of the United States Constitution which limits the jurisdiction of federal courts to actual cases or controversies. A habeas corpus proceeding is not necessarily rendered moot by the fact that the circumstances precipitating it no longer exist. For example, a habeas petition attacking a criminal conviction may be viable even after the sentence has been completed on the theory that the petitioner may continue to be deprived of rights or subjected to disabilities because of the conviction. *See Sibron v. New York,* 392 U.S. 40, 55, 88 S.Ct. 1889, 1898, 20 L.Ed.2d 917 (1968); *Marchand v. Director, U.S. Probation Office,* 421 F.2d 331, 333 (1st Cir. 1970). However, in the absence of such collateral consequences and where the circumstances giving rise to the petition are unlikely to recur, the petition will be deemed moot. *Marchand,* 421 F.2d at 334, 336.

In *Marchand* the petitioner sought habeas relief from his denial of bail pending a parole revocation hearing. Before his habeas petition was decided, he was released from custody after the expiration of his sentence. Accordingly, the petition was dismissed as moot. Other circuits have reached similar results in circumstances virtually identical to those presented by the instant case. In *United States ex rel. Robinson v. Rundle,* 411 F.2d 595 (3d Cir. 1969), it was held that a petition based on denial of a request for reconsideration of bail pending appeal was rendered moot by the Pennsylvania Supreme Court's affirmance of the petitioner's conviction. *See also Powers v. Schwartz,* 587 F.2d 783 (11th Cir.1979) (denial of pretrial bail rendered moot by subsequent conviction); *Zide v. State of Florida,* 410 F.2d 394 (5th Cir.1969) (denial of bail pending appeal rendered moot by dismissal).

In this case, Barber's petition seeking review of the state court's denial of his request for bail pending appeal has been rendered moot by the Rhode Island Supreme Court affirmance of his conviction, 539 A.2d 766. Therefore, the petition is dismissed.

IT IS SO ORDERED.