208 So.2d 458 (1968)
Joe WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. J-288.
District Court of Appeal of Florida. First District.
March 5, 1968.
Rehearing Denied April 15, 1968.
T. Edward Austin, Jr., Public Defender, and James L. Harrison, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
WIGGINTON, Chief Judge.
Appellant was charged, tried and found guilty by a jury of the offense of robbery. From the judgment of conviction and sentence based upon the jury's verdict, this appeal is taken.
Appellant's first point challenges the correctness of the trial court's ruling which admitted in evidence over appellant's objection testimony of a police officer who witnessed an extrajudicial identification of appellant by the victim of the robbery the day after the offense occurred.
The day following the robbery the police officer exhibited to the victim some 75 photographs from which the victim selected a photograph of appellant as the man who robbed him at his store on the previous night. Appellant was later arrested and was placed in a police lineup at which the victim and a former employee in his store were present. The victim identified appellant as the guilty party and the former employee identified appellant as a customer who had frequently shopped at the victim's store prior to the time it was robbed. Both victim and the employee testified at the trial concerning appellant's identification from *459 photographs and identification in the police lineup. Following these witnesses, the police officer testified that he was present and observed the victim when he selected appellant's photograph from the group exhibited to him for examination, and was present when the victim and the employee identified appellant in the police lineup. It was the testimony of this police officer which appellant objected to as being hearsay evidence and therefore inadmissible.
Appellant's defense was that of mistaken identity based upon the assertion that he was somewhere else at the time of the robbery. Appellant contends that if the jury had been left free to decide his guilt or innocence based upon the testimony of the identifying victim alone, his chance of raising a reasonable doubt in the jury's mind that he was the robber would have been much greater than it was after the victim's testimony was bolstered and corroborated by the testimony of the police officer concerning the extrajudicial identification.
In support of his position appellant invites our attention to the decision of Martin v. State.[1] In the Martin case the Supreme Court held to be admissible the testimony of a victim concerning the latter's extrajudicial identification of the accused from photographs following the commission of the crime. Although it was not a point on appeal, nor was it a question which the court was called upon to decide, it nevertheless by way of obiter dictum made the following general observation, to wit:
"In other words, testimony by officers or third persons that the victims identified the defendant, or a photograph as that of defendant, at some time prior to the trial, and not in a court, is not generally admissible, as being hearsay and extrajudicial identification; * * *"
The Martin case was decided some 38 years ago and we have no way of knowing what the general rule at that time was on the point here considered. A rather extensive annotation on the admissibility of testimony by third persons who witness an extrajudicial identification by the victim of persons charged with crime appears in American Law Reports, Annotated.[2] From this annotation it appears that the authorities in the United States are approximately equally divided on the question of whether such testimony by third-party witnesses is admissible, or should be rejected on the grounds of hearsay. From our study of these decisions we are of the view that the better rule, and the one more consistent with the orderly administration of the criminal law, holds that such testimony is admissible and not objectionable on the ground of hearsay. Such testimony is direct evidence of facts that are within the personal knowledge of the witness who observes the victim make an identification of the accused from photographs or a police lineup, and is admissible when the identifying witness is present and testifies at the trial, and is subject to cross-examination by the accused. Such testimony has always been considered admissible in rebuttal of testimony tending to impeach or discredit the testimony of the identifying witness, or to rebut a charge, imputation, or suggestion of falsity. All courts seem to be agreed, however, that such testimony cannot be considered by a jury as original or substantive evidence as to the identity of the accused as a guilty party, but may be considered in corroboration of the testimony of the identifying witness at the trial. We therefore hold that the trial court did not commit error in admitting the testimony of the police officer in the case sub judice concerning the extrajudicial identification made of appellant by the victim and his former employee.
By his second point appellant claims prejudicial error occurred when the trial judge, over his objection, permitted the victim to testify that he identified appellant from a photograph exhibited to him after *460 the robbery. Appellant reasons that the fact the police department possessed a photograph of him implies to the mind of an average juror that appellant had a police record for lawlessness. It is urged that this type of testimony constitutes an indirect attack on the appellant's character under circumstances where his character has not been placed in issue. It is our view that if such implication does in fact arise, it is so incidental and remote as to afford no ground for excluding testimony of extrajudicial identification made by the victim from a photograph of the accused prior to trial.[3]
We have carefully considered the remaining points urged by appellant as grounds for reversal, but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] Martin v. State, 100 Fla. 16, 129 So. 112, 116.
[2] 71 A.L.R.2d 482, § 4, ¶ 13.
[3] Colbert v. Commonwealth (Ky. 1957), 306 S.W.2d 325, 71 A.L.R.2d 442.