217 So.2d 106 (1968)
Joe WILLIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 37375.
Supreme Court of Florida.
December 18, 1968.
*107 T. Edward Austin, Jr., Public Defender, and Ralph W. Nimmons, Jr., Asst. Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioner was charged, tried and found guilty by a jury of the offense of robbery. The judgment of conviction was affirmed by the First District Court of Appeal. Willis v. State, 208 So.2d 458 (1 DCA Fla. 1968).
On appeal to the District Court petitioner challenged the correctness of the trial court's ruling which admitted into evidence over petitioner's objection testimony of a police office who witnessed an extrajudicial identification of petitioner by the victim of the robbery the day after the offense occurred. The District Court in affirming the trial court stated in part as follows:
"Such testimony is direct evidence of facts that are within the personal knowledge of the witness who observes the victim make an identification of the accused from photographs or a police line-up, and is admissible when the identifying witness is present and testifies at the trial, and is subject to cross-examination by the accused. Such testimony has always been considered admissible in rebuttal of testimony tending to impeach or discredit the testimony of the identifying witness, or to rebut a charge, imputation, or suggestion of falsity. All courts seem to be agreed, however, that such testimony cannot be considered by a jury as original or substantive evidence as to the identity of the accused as a guilty party, but may be considered in corroboration of the testimony of the identifying witness at the trial. We therefore hold that the trial court did not commit error in admitting the testimony of the police officer in the case sub judice concerning the extrajudicial identification made of [petitioner] by the victim and his former employee."
We issued a writ of certiorari because of apparent conflict between the decision of the District Court of Appeal with the opinion of this Court in Martin v. State, 100 Fla. 16, 129 So. 112 (1930):
"In other words, testimony by officers or third persons that the victims identified the defendant, or a photograph as that of defendant, at some time prior to the trial, and not in a court, is not generally admissible, as being hearsay and extrajudicial identification * * *."
We conclude that the First District Court opinion accurately expresses the prevailing law on the subject and the above *108 quotation from said opinion is hereby approved. The quotation from Martin is obiter, unnecessary to the decision in that case, and to the extent that it may be considered as authority is receded from.
The writ heretofore issued in this cause is accordingly quashed.
CALDWELL, C.J., and THOMAS, ROBERTS, DREW and THORNAL, JJ., concur.