303 So.2d 656 (1974)
Mark R. HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 73-726.
District Court of Appeal of Florida, Second District.
November 6, 1974.
Rehearing Denied December 19, 1974.
David A. Demers of the Law Offices of Robert W. Pope, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
MANN, Judge (Ret.).
Hamilton was convicted of forging a credit card charge slip on the identification of the sales clerk under circumstances which present a question not of credibility, as the state contends, but of constitutional law. About a week after the sale was made it was discovered that the charge slip was forged and the sales clerk was shown photographs of five men from which she selected that of the appellant. Four days later she expressed some doubt and asked to see the photographs again. On the second *657 occasion she narrowed the possible suspects down to two and advised the officer that those two were very much alike. Asked to select one of the two, she selected the picture of another person. The officer then indicated his opinion that she had selected the right photograph on the first occasion and suggested that she try again. The court denied a motion to suppress stating:
"The Court is of the opinion that the proof proffered on behalf of the motion to suppress evidence is insufficient to meet the test required for the suppression of in-court identification, in that the procedure followed at the first examination, the photographs were in no way impermissibly suggestive or in any way suggested to taint the record, while the procedure followed in the second photographic identification may be reprehensible and would have been impermissibly suggestive if it had occurred uncontradictedly at the first identification. Make that `might have been' rather than `would have been.'"
We believe that the decisions of the Supreme Court of the United States require the suppression of this testimony unless and until the state has demonstrated that the in-court identification of the defendant rests upon an independent and untainted foundation.[1] The admitted conduct of the investigating officer was impermissibly suggestive. This much is conceded by all parties, but the fact that the witness unhesitatingly chose Hamilton's picture from the array on the first occasion persuaded the trial judge that what counts as evidence is the identification which takes place in the courtroom. In the absence of evidence of impropriety, this is, of course, true. The state is at liberty to adduce testimony that the defendant was the guilty party by seeking identification in court unless it is clear from the totality of the circumstances that impermissibly suggestive police procedures have tainted that identification. Upon such a showing the burden shifts to the state to qualify its witness. It is then at liberty to do so, but must first show that the in-court identification rests upon an independent foundation and is not merely the witness' recollection of the investigating officer's suggestion.[2] We cannot treat the error as harmless because this is not a case in which the identity of the defendant is otherwise established,[3] or in which the opportunity to know the identity of the suspect was so great and the identification so clear that police impropriety thereafter did not raise a question of deprivation of due process when all of the circumstances are considered.[4]
Reversed and remanded.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 1967, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.
[2] Foster v. Calif., 1969, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402; Cribbs v. State, Fla.App.2d 1974, 297 So.2d 335. See also Wall, Eyewitness Identification in Criminal Cases (1965).
[3] See Bryan v. State, Fla.App.2d 1974, 290 So.2d 515.
[4] Ward v. Wainwright, 5th Cir.1971, 450 F.F.2d 409. See also Settle v. State, Fla.App.2d 1974, 288 So.2d 511.