ON PETITION FOR REHEARING
ANSTEAD,'Judge.
Our opinion issued on July 22, 1977 is hereby withdrawn and the following substituted therefor.
The appellant, Derrick John Laws, convicted of robbery, claims in this appeal that the trial court erred in denying his motion for judgment of acquittal made'at the close of the state’s case in chief. It is well established that a motion for judgment of acquittal should not be granted unless it is apparent that no legally sufficient evidence has been submitted upon which a jury could find the defendant guilty. Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975). Therefore, the issue on appeal is whether the state’s evidence as to the identification of Laws was sufficient to establish a prima facie case that he committed the robbery.
The victim testified that he was picked up and robbed by two men in a truck. When released he called the police and described the robbers and the truck. Later that evening, the defendant and his brother were spotted by the police in the truck near the scene of the robbery. The defendant was a passenger in the truck, which was owned by his brother. The truck was stopped; and when the victim’s billfold and ring were found in the truck, both the defendant and his brother were arrested. That same night, approximately an hour and a half after the robbery, the victim saw the defendant and his brother in custody and positively identified them as the two men who had robbed him.
The defendant and his brother were tried together. While the victim was able to make a positive in-court identification of defendant’s brother as one of the two men who robbed him, he was unable to so identify the defendant. However, he testified that he has absolutely no doubt that the two men he identified the night of the robbery were the two robbers. He also identified the truck and the stolen property. The other evidence as to identity of the robbers was the testimony of a police officer that the defendant and his brother were the same two persons arrested in the truck the night of the robbery and subsequently identified by the victim at the scene of the arrest. All of this evidence was received without objection.
Laws now claims that the testimony of the police officer that Laws was the same person positively identified by the victim shortly after the robbery was not admissible since the victim failed to make an in-court identification of Laws. We agree that, upon objection, such testimony would not have been admissible. See Willis v. State, 217 So.2d 106 (Fla.1968); Willis v. State, 208 So.2d 458 (Fla. 1st DCA 1968); and Johnson v. State, 249 So.2d 452 (Fla. 4th DCA 1971). However, the general rule is that otherwise inadmissible evidence, received without objection, may properly be considered in determining the facts in issue. Baker v. State, 336 So.2d 364 (Fla.1976); Annot., 79 A.L.R.2d 890 at 896 and 897 (1961); 29 Am.Jur.2d, Evidence, § 494 (1970). Here, the testimony received from *9 the victim was that he had positively identified the two robbers shortly after the robbery and the testimony received from the police officer, without objection, was that Laws was one of those persons positively identified by the victim. Hence the trial court was correct in denying the motion for judgment of acquittal because there was evidence that could be properly considered, identifying Laws as one of the robbers.
The petition for rehearing is denied, and the judgment of the trial court is affirmed.
ALDERMAN, C. J., and DOWNEY, J., concur.