DAUKSCH, Judge.
The Defendant was convicted of breaking and entering with intent to commit a misdemeanor. At trial the eyewitness did not identify the Defendant as the person who committed the breaking and entering and *107 two deputies were called to testify that the eyewitness did identify the Defendant at the scene as the perpetrator. The facts of this case are thus quite similar to those set out in Laws v. State (Fla.4th DCA 1977), Case No. 76-1544, Opinion on Petition for Rehearing issued September 6, 1977. The only material difference is that the Defendant timely objected to the hearsay testimony of the deputies and that causes us to reverse the conviction. See Laws, supra; Willis v. State, 217 So.2d 106 (Fla. 1968); Willis v. State, 208 So.2d 458 (Fla.1st DCA 1968); Johnson v. State, 249 So.2d 452 (Fla.4th DCA 1971). The Judgment and Sentence are reversed and this cause is remanded for new trial in accordance with this opinion.
REVERSED and REMANDED.
ALDERMAN, C. J., and ANSTEAD, J., concur.