366 So.2d 426 (1978)
STATE of Florida, Petitioner,
v.
William E. FREBER, Respondent.
No. 53037.
Supreme Court of Florida.
December 21, 1978.
Robert L. Shevin, Atty. Gen., and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Jerry L. Schwarz, Asst. Public Defender, West Palm Beach, for respondent.
OVERTON, Judge.
This cause is before the Court on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 352 So.2d 106 (Fla. 4th DCA 1977). That decision conflicts with Willis v. State, 217 So.2d 106 (Fla. 1968), and Williams v. State, 350 So.2d 842 (Fla. 1st DCA 1977). We have jurisdiction.[1]
The issue is whether evidence of a prior out-of-court identification is admissible when the witness is unable to identify the *427 defendant at trial. We hold that if the original identifying witness testifies at trial concerning a prior identification, testimony of a witness who observed the identification is admissible as substantive evidence of identity.
The respondent Freber was charged by information with breaking and entering a dwelling house with intent to commit a misdemeanor. Three witnesses testified for the State: Mrs. Etta Hayes, owner of the house, and Thomas Thompson and John Carroll, deputy sheriffs.
Mrs. Hayes was a nurse's aide and occasionally had welfare patients live with her. On the morning of the burglary she was awakened by the sound of running water and went to investigate. She found a stranger in the bathroom who said he had mistakenly entered the wrong house and fled despite her attempt to restrain him.
Mrs. Hayes testified that later on the morning of the burglary the deputies brought a suspect to her home. She testified that she identified the suspect as the burglar at that time and that she had no doubt that at the time she made the identification she had been correct. When asked to identify the burglar in the courtroom, Mrs. Hayes stated that although the respondent Freber resembled the man, she could not be certain because his hair was a different length.
Deputy Thompson testified that he had arrested a suspect and transported him to the scene of the burglary. He indicated at the trial that Freber was the man he had brought to the Hayes' home that morning. Thompson was asked whether Mrs. Hayes had identified Freber as the burglar. Over defense counsel's objection, he was allowed to testify that she had made the identification.
Deputy Carroll also testified that he was present when Freber was shown to Mrs. Hayes and that she identified Freber as the man who had been in her home.
Freber was found guilty by a jury. On appeal, the District Court of Appeal, Fourth District, reversed, relying upon Laws v. State, 356 So.2d 7 (Fla. 4th DCA 1977), and the fact that the respondent had objected to the testimony in a timely fashion.
Both the State and Freber rely upon this Court's decision in Willis v. State, supra, to support their contentions. The trial court in Willis had admitted testimony by a police officer that two identification witnesses made prior extrajudicial identifications of the defendant. The First District Court of Appeal affirmed the resulting conviction, stating:
From our study of these decisions we are of the view that the better rule, and the one more consistent with the orderly administration of the criminal law, holds that such testimony is admissible and not objectionable on the ground of hearsay... . All courts seem to be agreed, however, that such testimony cannot be considered by a jury as original or substantive evidence as to the identity of the accused as a guilty party, but may be considered in corroboration of the testimony of the identifying witness at the trial. Willis v. State, 208 So.2d 458, 459 (Fla. 1st DCA 1968).
We denied certiorari but, in doing so, approved the above quotation from the First District Court of Appeal decision as an accurate expression of the prevailing law.
The respondent in the instant case contends that Willis requires an in-court identification by a witness before testimony about a prior out-of-court identification may be admitted, and then only as corroboration of the identification in the courtroom. If no in-court identification occurs, the respondent asserts that the testimony is hearsay and inadmissible.
The State asserts that the Willis decision does not require an in-court identification, rather, it simply mandates that the identifying witness be present in court and available for cross-examination. The State takes the view that when a witness states that an out-of-court identification was made, any testimony regarding a prior identification is merely corroborative.
We hold that the testimony in the instant case was admissible despite its hearsay characteristics. Hearsay testimony is *428 generally inadmissible for three reasons. First, the declarant is not testifying under oath. Second, the declarant is not in court for the trier of fact to observe his or her demeanor. Third, and of prime importance, the declarant is not subjected to cross-examination in order to test the truth of the statement. 5 Wigmore, Evidence § 1362 (Chadbourn rev. 1974); McCormick, Evidence § 245 (2d ed. 1972). In the instant case, Mrs. Hayes took the stand and testified concerning her prior identification. Therefore, the defendant was allowed an opportunity to confront and cross-examine the hearsay declarant, Mrs. Hayes, and the prime dangers of hearsay testimony were avoided.
There is an additional factor that persuades us that this evidence should be admissible. In our view, an identification made shortly after the crime is inherently more reliable than a later identification in court.[2] The fact that the witness could identify the respondent when the incident was still so fresh in her mind is of obvious probative value. See State v. Ciongoli, 313 So.2d 41 (Fla. 4th DCA 1975), cert. discharged, 337 So.2d 780 (Fla. 1976). It is certainly not unusual for the appearance of a defendant to change in some way between his apprehension and trial. A holding not allowing this sort of testimony as substantive evidence of identity would encourage defendants to change their appearance before trial to avoid being identified in court. Without this proof that the person previously identified by the witness was the defendant, conviction would in some instances be impossible.
The modern trend to admit evidence of a prior out-of-court identification as substantive evidence of identity is illustrated by its adoption in several other jurisdictions. See Anderson v. Maggio, 555 F.2d 447 (5th Cir.1977); State v. Taylor, 99 Ariz. 151, 407 P.2d 106 (1965) (dictum); People v. Gould, 54 Cal.2d 621, 7 Cal. Rptr. 273, 354 P.2d 865 (1960); People v. Pew, 543 P.2d 86 (Colo. App. 1975); Johnson v. State, 237 Md. 283, 206 A.2d 138 (1965); Commonwealth v. Torres, 367 Mass. 737, 327 N.E.2d 871 (1975) (dictum); People v. Nival, 33 N.Y.2d 391, 353 N.Y.S.2d 409, 308 N.E.2d 883 (1974) (construing N.Y.Crim.Proc. Law § 60.25); State v. Fennell, 7 Or. App. 256, 489 P.2d 964 (1971); Lucas v. State, 160 Tex.Crim.R. 443, 271 S.W.2d 821 (1954); Niblett v. Commonwealth, 217 Va. 76, 225 S.E.2d 391 (1976).
We recognize that Willis v. State, supra, restricted this type of testimony to a corroborative function. It is our view, however, that this restriction regarding a prior identification is unnecessary. The prior identification is reliable evidence of identity, and the declarant's presence in court and availability for cross-examination eliminate the usual danger of hearsay testimony. For these reasons, we hold that testimony of a prior extrajudicial identification is admissible as substantive evidence of identity if the identifying witness testifies to the fact that a prior identification was made.[3] To the extent that Willis conflicts with this decision, it is overruled.
The decision of the District court is quashed and the matter remanded with instructions to reinstate the conviction.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and SUNDBERG, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] This is particularly so because of constitutional safeguards surrounding the identification process. The United States Supreme Court held in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), that an identification may be attacked as a denial of due process of law where the circumstances of the identification were unnecessarily suggestive and conducive to irreparable mistaken identification. See Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969); Dell v. State, 309 So.2d 52 (Fla.2d DCA 1975); Hamilton v. State, 303 So.2d 656 (Fla.2d DCA 1974).
[3] The new Florida Evidence Code, which takes effect July 1, 1979, provides that this testimony is admissible as non-hearsay if the declarant testifies at trial and is subject to cross-examination concerning the identification. § 90.801(2)(c), Fla. Stat. (1977). Several other jurisdictions have also codified this rule, Fed.R. Evid. 801(d)(1)(C); Cal.Evid.Code, § 1238 (Deering); N.Y.Crim.Proc. Law § 60.25, and the leading commentators have approved. 4 Wigmore, Evidence § 1130 (Chadbourn rev. 1974); McCormick, Evidence § 251 (2d ed. 1972).