373 So.2d 52 (1979)
Bobby KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 78-204.
District Court of Appeal of Florida, Fourth District.
June 13, 1979.
Rehearing Denied August 8, 1979.
Alan H. Schreiber, Public Defender, and Stuart M. Lerner, Asst. Public Defender, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Chief Judge.
Appellant was charged, tried and convicted of armed robbery and sentenced to twenty years in prison. On appeal six points are suggested to demonstrate error; we find two of them require reversal.
Briefly, the appellant's statement of the facts reflects that at 1:30 a.m. on April 27, 1977, Clara Jones was working at a window cash register at Church's Chicken Store. The manager testified that on the morning he heard Clara scream, "We've been robbed." He immediately rushed to the window and saw a dark Charger or Cordoba with a white roof speeding across the parking lot. He could not identify the driver. In response to his inquiry as to what happened, Clara said a man had approached the window, pointed a gun in her face and demanded the money from the register; she complied. Another employee, Beulah Davis, corroborated the manager's testimony, but she, too, saw nothing more of the actual incident except the car speeding away. Appellant objected to all extrajudicial statements made by Clara.
The police testified that they dusted a white Chrysler Cordoba for fingerprints and lifted those of Willie Houston. A photograph of Houston was procured and exhibited *53 in a photo lineup for Clara. She pointed out Houston as resembling the person who robbed her. Houston was not arrested but was questioned. The police further testified that as a result of this interrogation of Houston the appellant was implicated. They obtained a photo of appellant, exhibited it to Clara in a photo lineup and she thereupon identified appellant as the armed robber. The foregoing testimony was admitted over appellant's objection.
As a result of Clara's identification in the photo lineup, appellant was arrested on June 15th at 3:50 a.m. At the police station an officer told him that he had been identified by Houston and another person in a photo lineup and it was suggested that "it would be in his best interests to come clean." The officer then advised appellant of his constitutional rights and took a taped confession. At a pretrial hearing on appellant's motion to suppress the statement, appellant contended he was "stoned" from the use of drugs and that the statement was involuntary. The officer, refuting appellant's story, testified that appellant appeared fine and seemed to know what was going on. The trial court simply denied the motion to suppress the statement without further finding or comment.
Prior to trial and pursuant to discovery motion the State furnished appellant with the home and business addresses of Clara Jones. Appellant attempted to subpoena Clara at these addresses so as to take her deposition but without success. Thus, appellant went to trial without being able to depose Clara Jones.
Appellant contends that the trial court erred in admitting the police officers' testimony regarding Clara's identification of appellant at a pretrial photo lineup and her failure to identify Houston as the culprit at a pretrial lineup, since neither Clara nor Houston were present at the trial. Error is also suggested in the trial court's failure to find on the record "with unmistakable clarity" that appellant's statement was voluntary. Appellant's final point is that the State is obligated to "keep track" of the robbery victim's whereabouts, since this witness may possess information about the case relevant to the guilt or innocence of the accused.
Taking the last point first, we reject appellant's contention that the State is responsible to "keep track" of important witnesses so as to be able to produce them for defendant's discovery or at trial, facing dismissal of the charges for failure to do so. State v. Banks, 349 So.2d 736 (Fla. 3rd DCA 1977); State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla. 3rd DCA 1977); State v. Velasquez, 305 So.2d 837 (Fla. 3rd DCA 1974), cert. den. 315 So.2d 196 (Fla. 1975). Appellant acknowledges these cases as constituting the general rule, but suggests this case as an exception. We disagree and find the general rule applicable in all respects.
We turn now to the two points which we believe demonstrate reversible error. The first of these is that it was error to admit, over objection, the testimony of police officers that Clara Jones made an extrajudicial identification of appellant when the identifying witness was not present at trial. We agree. When this case was tried and briefed the trial court and counsel were proceeding under the law as laid down in Willis v. State, 217 So.2d 106 (Fla. 1968) and Johnson v. State, 249 So.2d 452 (Fla. 4th DCA 1971). However, while the case was pending here, the Supreme Court decided State v. Freber, 366 So.2d 426 (Fla. 1978) and rejected the holding in Willis, supra, that testimony of an extrajudicial identification was never admissible as original or substantial evidence as to the identity of an accused, but could be considered only in corroboration of the testimony of the identifying witness at the trial. The Supreme Court held the current rule to be "that testimony of a prior extrajudicial identification is admissible as substantive evidence of identity if the identifying witness testifies to the fact that a prior identification was made." Supra 428. Thus, in accordance with Freber an extrajudicial identification is now admitted as original substantive evidence providing the identifier is present and testifies that he did, in fact, make such a prior identification. *54 Therefore, we conclude it was error to admit the evidence in question both as to Clara Jones' pretrial identification of appellant and also her rejection of Houston as the culprit under the same circumstances since Clara did not testify to that effect and was not present at trial.
Regarding the voluntariness of the appellant's statement, the Supreme Court of Florida in McDole v. State, 283 So.2d 553 (Fla. 1973), following the mandate of Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), held that before a confession or statement can be admitted into evidence the trial court must make a finding of voluntariness on the record with unmistakable clarity, a denial of a motion to suppress is an inadequate finding. McDole was modified somewhat in Wilson v. State, 304 So.2d 119 (Fla. 1974), wherein the Supreme Court said such an unequivocal or explicit finding of voluntariness is unnecessary where there is no contention of coercion, brutality or involuntariness. In this case, appellant contended that the statement was involuntary because he was apprehended at 3:53 a.m., and interrogated later in the morning while he was "stoned" from using drugs. In our judgment, this testimony and appellant's contentions before the trial court relative to voluntariness requires an application of the McDole rule. A simple denial of the motion to suppress is insufficient.
Accordingly, the judgment and sentence appealed from are reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
CROSS and DAUKSCH, JJ., concur.