379 So.2d 446 (1980)
The STATE of Florida, Appellant,
v.
Jerome BELIEN, Appellee.
No. 79-870.
District Court of Appeal of Florida, Third District.
February 5, 1980.
*447 Janet Reno, State's Atty. and Ira N. Loewy, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The state appeals from an order discharging the defendant under the speedy trial rule. Fla.R.Crim.P. 3.191. We reverse because, before the expiration of the 180-day period after his arrest, the defendant moved for and was granted a continuance, thus waiving the benefit of the rule. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); Homer v. State, 358 So.2d 1176 (Fla.3d DCA 1978), cert. denied, 364 So.2d 886 (Fla. 1978); Brown v. State, 328 So.2d 497 (Fla.3d DCA 1976), cert. denied, 339 So.2d 1167 (Fla. 1976). The defendant claims that this principle should not apply on the grounds that the state unnecessarily delayed filing an information and did not arraign him until only 16 days before the running of the speedy trial time. This contention is totally without merit under the circumstances disclosed by the record. Unlike such cases as Mulryan v. Judge, Division "C" Circuit Court of Okaloosa County, 350 So.2d 784 (Fla.1st DCA 1977); and State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla.1st DCA 1975), cert. denied, 334 So.2d 609 (Fla. 1976), upon which Belien relies, the state's delay here did not result in any inability of counsel properly to defend him on the trial date set by the court, which was within the 180-day period. See Oatman v. State, 289 So.2d 431 (Fla.3d DCA 1974).[1] To the contrary, it affirmatively appears that the assistant public defender, as a matter of tactics, deliberately chose not to go to a speedy trial specifically in order to attempt to secure a dismissal under the speedy trial rule. Thus, his motion for continuance squarely fit the classic definition of an effective waiver as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). In other words, "gotcha!" maneuvers will not be permitted to succeed in criminal, any more than in civil litigation. Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla.3d DCA 1979); McPhee v. State, 254 So.2d 406 (Fla.1st DCA 1971).
The order of discharge is therefore reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] There is and can be no contention that, absent the speedy trial rule, the defendant would be entitled to a dismissal simply because of the delay itself. See Eans v. State, 366 So.2d 540, 543 (Fla.3d DCA 1979); State v. Griffin, 347 So.2d 692, 695 (Fla.1st DCA 1977), cert. dismissed, 358 So.2d 134 (Fla. 1978).