THOMPSON, Judge,
dissenting.
I dissent.
The sole benefit claimed at the hearing in this case was authorization for a psychiatric evaluation. The only benefits awarded by the deputy was the authorization of a psychiatric evaluation and follow-up treatment if necessary. This is a claim for medical benefits only and whether an attorney’s fee is awarded should be dependent upon whether medical benefits were awarded and not bad faith.
At the hearing the deputy admitted into evidence a medical report of Dr. Robert, a neurosurgeon who had initially treated the claimant. The report contained a statement that the claimant appeared to have a considerable emotional overlay which might well be the reason for the persistence of his symptoms. The E/C objected to the admission of the report on the grounds of hearsay. Although he agreed the report was hearsay, the deputy admitted it, finding that there was no doubt about its authenticity, that the general reasons for sustaining hearsay objections were not present, and that a deposition would involve an extraordinary burden in this case. The deputy awarded a psychiatric evaluation and follow-up treatment, if necessary, and in so doing, specifically “accepted the medical testimony of Dr. Robert, by report dated June 18, 1981, over that of Dr. Chicóla.”
The sole benefit sought and the sole benefits awarded were based only on the report of Dr. Robert which was introduced into evidence over E/C’s objection. Therefore, the report was not only offered, but was also accepted, to prove the truth of the matter claimed or asserted. Even assuming, as the deputy did, that the E/C were familiar with the report and there was no question of its authenticity, the report is inadmissible. Hearsay is an oral or written statement, other than one made by the de-clarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. § 90.801, Fla.Stat. (1981). Hearsay is inadmissible for three reasons: (1) the declarant does not testify under oath; (2) the trier of fact cannot observe the declarant’s demeanor; and (3) the declarant is not subject to cross-examination. Breedlove v. State, 413 So.2d 1 (Fla.1982); State v. Freber, 366 So.2d 426 (Fla.1978). Contrary to the deputy’s finding that the general reasons for sustaining an objection to hearsay were not present, all three major reasons for applying the hearsay rule exist in this ease. This court has consistently held that medical reports are hearsay and should not be admitted over objection. It has been specifically held that the cost of a doctor’s deposition is not a sufficient excuse for not taking it, particularly since the cost is paid by the E/C, not the claimant, if the claim is compensable. Butch’s Concrete v. Henderson, 414 So.2d 652 (Fla. 1st DCA 1982); Osceola County Commissioners v. Thomas, 416 So.2d 903 (Fla. 1st DCA 1982).
Q: Doctor, would you agree or disagree with the statement in Dr. Roberts’ comments here that there appears to be a considerable emotional overlay which may well be the reason for the persistence of his symptoms. Would you agree or disagree with that?
I would reverse the deputy’s order awarding psychiatric evaluation and treatment, if necessary, which was based solely upon inadmissible hearsay, and I would reverse the award of an attorney’s fee to claimant’s attorney.