## SAVAGE v STATE OF FLORIDA
### Appellate Case No. 85-10464
Thirteenth Judicial Circuit, Hillsborough County
January 14, 1987

## OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

·Defendant appeals from an order denying his Motion For Discharge under the speedy trial rule Fla.R.Crim.P. 3.191. That order is affirmed, because before the expiration of the applicable 90-day period after his arrest, the Defendant moved for and was granted a continuance, thus waiving the benefit of the rule. *State ex rel Butler v. Culler*, 253 So.2d 861 (Fla. 1971); *State v. Belden*, 379 So.2d 446 (Fla. 3d DCA 1980).

Defendant was arrested January 19, 1985 for the felony offense of battery on a law enforcement officer. The defendant was then benefited by virtue of the state attorney's exercise of prosecutorial discretion whereby the charges were reduced to misdemeanor battery. An information was filed March 12, 1985. Arraignment was held April 9, 1985, at which time the defendant was informed that the applicable speedy trial period would expire April 19, 1985. The defendant then retained counsel who on April 15, 1986 appearing on behalf of the defendant requested a continuance, asking further that such continuance "be charged to the State". The continuance was granted and the trial set for the week of June 3, 1985. In granting the continuance the trial judge did not indicate whether it was "charging it to the state" as requested by defendant. Neither party objected to the trial court's action.

In addition to moving for a continuance, the defendant also filed on April 15, 1986, a demand for discovery, and motion for statement of particulars, which were responded to by the State April 19, 1985. Subsequently, on April 29, 1985, the Defendant filed his Motion for Discharge, which was heard by the trial judge May 10, 1985 and ultimately denied May 17, 1985.

Thereafter, defendant filed two additional Motions for Continuance, on May 29, 1985 and June 18, 1985 both of which were granted. On September 11, 1985, the defendant withdrew his previously entered plea of guilty and entered a plea of Nolo Centendre to the Misdemeanor Battery charge, specifically reserving the right to appeal the trial judge's denial of his Motion for Discharge.

Defendant, since the time of arrest was well aware of the nature of the charges against him. The reduction of these charges from a felony to a misdemeanor benefited rather than prejudiced the defendant. The State's delay in filing formal charges cannot be said to have prejudiced the defendant in any way. The defendant sought a continuance and was granted one. The fact that in making his request he indicated he did not wish to waive his speedy trial right and that the continuance should be charged to the state, does not alter the fact that it was the defendant who sought the continuance and was granted it with no objection being made when it was granted without any indication to which party it would be "charged." As such the defendant's Motion for Discharge was properly denied, and such denial is hereby Affirmed.

Dated this 14th day of January 1987.