## STATE OF FLORIDA v PAZ
### Case No. 90-085 AC
Eleventh Judicial Circuit, Dade County
May 17, 1991

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Angelica D. Zayas,** Assistant Attorney General, for appellant.

**Kent Wheeler, Esquire,** for appellee.

Before NADLER, FERRO, CAPUA, JJ.

### OPINION OF THE COURT

FERRO, J.

The State appeals from an order discharging the Defendant on his *Motion for Discharge* on the 30th day of October, 1989. We reverse.

The record below indicates that a bench warrant was issued as a result of the Defendant's failure to appear for his arraignment on the 28th day of August, 1989. There is a second bench warrant issued on the 6th day of November, 1989, by the trial court below. Appellee's counsel filed a *Motion to Set aside Bench Warrant* on the 13th day of November, 1989 (notwithstanding counsel's certificate of service which indicates that counsel mailed the motion on the 8th of November, 1989).

Appellee counsel's failure to immediately file the motion to set aside the bench warrant was the direct cause of the state's inability to bring Mr. Paz to trial. The trial judge abused his discretion in failing to inquire as to the counsel's failure to immediately take action to set aside the bench warrant.

The "gotcha" method of advocacy cannot be tolerated at any level in the judicial system. *State v Belien,* 379 So.2d 446, 447 (Fla. 3d DCA 1980).

The failure of the appellant to twice appear in court (two bench warrants) together with the actions of defense counsel lead to the inescapable conclusion that the order of discharge should be reversed and the cause remanded for trial on the merits.

NADLER and CAPUA, JJ., Concur.

REVERSED.