713 So.2d 1110 (1998)
Christopher M. NEILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00197.
District Court of Appeal of Florida, Second District.
July 24, 1998.
*1111 Gerald A. Tavares, Tarpon Springs, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Christopher M. Neilson appeals his convictions for first-degree arson of a flea market, possession of a destructive device, and possession of a fire bomb. Neilson contends the State failed to present sufficient evidence to prove that he knew or should have known the structure, which was the subject of the arson charge, was occupied. We agree and reverse. On remand, the court shall enter a judgment of second-degree arson and resentence Neilson. On all other issues, we affirm.
The fire occurred at 11:00 p.m. on a Sunday, a time when the flea market was closed to the public. The State presented overwhelming evidence, including statements by Neilson, to support an arson charge. However, in order to support a conviction of first-degree arson under section 806.01(1), Florida Statutes (1991), the State was required to prove that Neilson knew or had reasonable grounds to believe the structure was occupied by a human being. See Erwin v. State, 532 So.2d 724 (Fla. 5th DCA 1988). It is this evidence we find lacking.
The State relied in part on the testimony of Thomas Hancock, a resident of the RV park located adjacent to the flea market. Hancock testified that a security guard was present at the flea market when the market was closed. He also related there was a small mobile home on the premises in which someone resided.[1] Hancock testified that the security guard sometimes walked but also used a pick-up truck to patrol the flea market property. Hancock did not testify where the security guard was located in relationship to the fire nor did he offer any testimony that would impute his knowledge to Neilson.
There are two references to the security guard in Neilson's statement. First, he stated that security was observed in a small pickup truck. Second, Neilson disclosed that the security guard chased him and the other perpetrators after the fire started. These statements are proof that Neilson was aware a security guard was on the property where the arson occurred. We conclude, however, that this evidence does not provide a basis for a jury finding that Neilson knew or should have known that the structure was occupied.
There was no testimony or other evidence to connect the presence of a security guard in a vehicle with a conclusion that any of the buildings were occupied. The second part of Neilson's statement indicates the security guard was on foot, but this sighting of the guard occurred after the fire began and indicates knowledge acquired only after the commission of the arson.[2] The security guard was not called as a witness and there is no record evidence that any of the structures were occupied on the night of the arson. Because the State failed to prove an essential element of first-degree arson under section 806.01(1)(c), we reverse. The evidence, however, supports a conviction of second-degree *1112 arson under section 806.01(2), and judgment shall be entered for this lesser charge on remand.
Neilson also contends the trial court erred when it permitted the investigating officer to testify that two State witnesses, Mr. and Mrs. Hancock, had identified two of Neilson's co-perpetrators from a photo pack. The State failed to question the Hancocks concerning their photo pack identification. Later in the trial, the State asked Detective Lawless if the witnesses had made a photo pack identification. The defense objected on the ground that the testimony was hearsay.
The State contended that because the Hancocks had been called as witnesses and were subject to cross-examination, the detective's testimony was admissible under an exception to the hearsay rule.[3] The fallacy of this argument results from the State's failure to elicit any testimony from the Hancocks concerning the identification, thereby making cross-examination on the subject inappropriate. See State v. Freber, 366 So.2d 426 (Fla. 1978) (holding that testimony regarding a prior, out-of-court identification is admissible if the identifying witness testifies to such identification and is subject to cross-examination). Because the Hancocks did not testify concerning the photo pack identifications, the trial court erred by admitting the detective's testimony pertaining to these identifications. Although obvious error, we conclude it was harmless beyond a reasonable doubt.
Because there was insufficient evidence to sustain Neilson's conviction of first-degree arson, we reverse and remand for entry of judgment of second-degree arson and resentencing. In all other respects, we affirm.
QUINCE, J., concurs.
CAMPBELL, A.C.J., dissents with opinion.
CAMPBELL, Acting Chief Judge, dissenting.
I must respectfully dissent. There is no dispute that there is ample evidence to sustain the jury's findings that appellant Neilson, together with several other young men, deliberately set fire to the large U.S.A. Flea Market located at 11721 U.S. Highway 19, in Hudson in Pasco County. The only issue presented to us in this appeal is whether there was sufficient evidence to support the jury's finding that Neilson knew or had reasonable grounds to believe that the flea market was occupied by a human being so as to support a conviction for arson in the first degree in violation of section 806.01(1)(c), Florida Statutes (1991).
The U.S.A. Flea Market consisted of openair buildings made of wood supports and covered by wood shingle roofs. The resulting fire caused substantial property and monetary damages. The fire itself was difficult to control and raged most of the night in question. The majority concedes that there was evidence that proved Neilson was aware that a security guard was on the property where the arson occurred. The majority concludes, however, that "there was no testimony or other evidence to connect the presence of a security guard in a vehicle with a conclusion that any of the buildings were occupied" (emphasis supplied).
Neilson was charged pursuant to section 806.01(1)(c). Section 806.01(1) provides as follows:
(1) Any person who willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged:
(a) Any dwelling, whether occupied or not, or its contents;
(b) Any structure, or contents thereof, where persons are normally present, such as: jails, prisons, or detention centers; hospitals, nursing homes, or other health care facilities; departments stores, office buildings, business establishments, churches, or educational institutions during normal hours of occupancy; or other similar structures; or

*1113 (c) Any other structure that he knew or had reasonable grounds to believe was occupied by a human being,

is guilty of arson in the first degree, which constitutes a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis supplied.)
The information charging Neilson charged that he "willfully and unlawfully by fire or explosion did damage or cause to be damaged a certain structure located at 11721 U.S. 19, Hudson, that he knew or had reasonable grounds to believe was occupied by a human being; contrary to Chapter 806.01(1)(c), Florida Statutes...."
Section 806.01(3) defines "structure" as follows:
(3) As used in this chapter, "structure" means any building of any kind, any enclosed area with a roof over it, any real property and appurtenances thereto, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.
(Emphasis supplied.) Thus, under the precise wording of the information and the definition of "structure" in section 806.01(3), the "structure" Neilson was charged with burning was the flea market itself and not some separate building within the confines of the flea market. I believe, therefore, that the majority is mistaken in basing its conclusion upon a finding that there was no evidence to prove "that any of the buildings were occupied." The fact that Neilson knew that a security guard was on the premises of the flea market is sufficient. We are not presented in this appeal with a challenge, constitutionally or otherwise, to the definition of "structure" as contained in section 806.01(3).
I would affirm Neilson's conviction of arson in the first degree.
NOTES
[1] The State does not appear to contend the resident of the mobile home constituted the human being about whom Neilson knew or should have known. There was no evidence that the mobile home was involved in the fire or even occupied on the night of the fire.
[2] In Pacheco v. State, 698 So.2d 593 (Fla. 2d DCA 1997), this court reversed the conviction of one of Neilson's co-perpetrators. The opinion indicates that Neilson's statement, erroneously admitted at Pacheco's trial, provided the only evidence showing that Pacheco was aware a security guard was patrolling the flea market. At Neilson's trial, only portions of his statement were admitted into evidence. These portions do not suffice to prove Neilson's knowledge that the flea market was occupied prior to the arson.
[3] "A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is: ... [o]ne of identification of a person made after perceiving the person." § 90.801(2)(c), Fla. Stat.