988 So.2d 1271 (2008)
David J. DEANS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2080.
District Court of Appeal of Florida, Fifth District.
August 29, 2008.
James S. Purdy, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
David J. Deans appeals his convictions of attempted sexual battery on a child, burglary of a structure with an assault, and false imprisonment. The sole issue on appeal is whether the trial court erred by admitting an out-of-court identification of Deans when the witness who made the identification was never asked about Deans's identity at trial. We conclude that reversible error occurred and that Deans is entitled to a new trial.
The six-year-old victim of the attempted sexual battery testified that a "brown man" broke into her house while she was sleeping at night on a couch. She testified that the man picked her up, carried her outside, and put her down on the grass. When she jumped up and ran back inside the house, the man ran away. Several weeks later, the police put together a photo pack for the child to review. She immediately picked out a picture of Deans as the person who broke into her home. The police located Deans, and, in response to their questions, he admitted that he *1272 "lifted" a house in the child's neighborhood several weeks earlier and that there was a young child in the home. Deans denied taking the child outside and could not remember the exact location of the home.
At trial, the child testified, but was never asked if she could identify Deans as her assailant or if she had previously identified him from a photo pack. Later in the trial, the State asked the investigating detective if the child had made an identification from a photo pack. The defense objected on the grounds that the testimony was hearsay. The trial court overruled the objection, and the detective was permitted to testify about the child's out-of-court identification of Deans.
Relying on Neilson v. State, 713 So.2d 1110 (Fla. 2d DCA 1998), as he did below, Deans contends that the ruling was error. In Neilson, over the defendant's objection, the trial court permitted the investigating officer to testify that two State witnesses identified several of Neilson's co-perpetrators from a photo pack. The State failed to question the witnesses concerning their out-of-court photo pack identification. The State contended that because the witnesses had testified at trial and were subject to cross-examination, the detective's testimony was admissible under the section 90.801(2)(c), Florida Statutes (1998), exception to the hearsay rule, despite the fact that the witnesses were not asked on direct examination to identify the defendant or about their out-of-court identification of the co-perpetrators.[1]
In rejecting the State's argument, the Neilson court wrote:
The fallacy of this argument results from the State's failure to elicit any testimony from the [witnesses] concerning the identification, thereby making cross-examination on the subject inappropriate. See State v. Freber, 366 So.2d 426 (Fla.1978) (holding that testimony regarding a prior, out-of-court identification is admissible if the identifying witness testifies to such identification and is subject to cross-examination). Because the [witnesses] did not testify concerning the photo pack identifications, the trial court erred by admitting the detective's testimony pertaining to these identifications.
713 So.2d at 1112. The State makes no effort to distinguish Neilson; rather, the State argues Neilson was decided wrongly. We disagree. Neilson followed the precedent established by our supreme court in State v. Freber, 366 So.2d 426 (Fla.1978), and is consistent with section 90.801(2)(c).[2]
Alternatively, the State argues that if error occurred, it was harmless. An error is deemed to be harmless when the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). Given the scant evidence connecting Deans to the crimes, we cannot conclude that the error was harmless. Accordingly, a new trial must be ordered.
REVERSED AND REMANDED.
PLEUS and EVANDER, JJ., concur.
NOTES
[1] Section 90.801(2)(c) provides that "[a] statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is: ... [o]ne of identification of a person made after perceiving the person."
[2] The version of the statute relevant to this case is the same as the statute discussed in Neilson.